UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GUY A. HANS,

                Plaintiff,

      - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-270 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Guy Hans brings this *pro se* action under 28 U.S.C § 405(g), seeking review of a final decision by the Commissioner of the Social Security Administration. The Commissioner moves to dismiss the complaint on the grounds that it was not timey filed. (Def. Mot. (Doc. No. 10).) Hans did not file an opposition or otherwise appear in this case after filing his complaint. As a result, the Court deems the motion unopposed. The Court finds that Hans's complaint is untimely. Nevertheless, in light of Hans's *pro se* status, he is given 30 days' leave to file a letter explaining whether a basis to equitably toll the statute of limitations exists in this case.

## BACKGROUND

Hans applied for Disability Insurance Benefits on December 7, 2011, alleging disability since January 22, 2009. (Prelle Decl. (Doc. No. 10) ¶ 3(a).) Hans requested an ALJ hearing after his claim was denied. (*Id.*) The ALJ issued a favorable decision, finding that Hans had been disabled since January 22, 2009. (*Id.* ¶ 3(b).) Earnings were then posted to Hans's Social Security record, however, and they revealed that Hans held gainful employment after the alleged disability onset date. (Def. Mot. at 3; Second ALJ Decision (Doc. No. 11-2) at 8.[1]) In light of this evidence, the ALJ held a second hearing, which Hans attended. (Prelle Decl. ¶ 3(c).) The

---

[1] Page citations refer to ECF pagination.

ALJ then issued a decision denying Hans's claims for benefits, finding that there was "no continuous 12-month period during which the claimant did not engage in substantial gainful activity." (Second ALJ Decision at 8.) The ALJ's determination became final after the Appeals Council denied Hans's request for review.

On November 4, 2015, the Appeals Council mailed Hans its decision (the "Notice") and informed him that he had 60 days from the date of receipt of the Notice to file a civil action. (Prelle Decl. ¶ 3(e); Appeals Council Notice (Doc. No. 11-2) at 16.) The Notice also explained that the Commissioner would assume that Hans received the letter five days after the date of the Notice unless Hans could show that he did not receive the letter within the five-day period. (Appeals Council Notice at 17.) It also stated that Hans could ask the Appeals Council to extend the time to file a civil action for "good reason." (*Id.*) Under the terms of this Notice, Hans was required to file a civil action by January 8, 2016. *See* 42 U.S.C. § 405(g); 20 C.F.R § 422.210(c). Hans did not request any extension of time from the Appeals Council. (Prelle Decl. ¶ 3(f).)

Hans filed his complaint in this action on January 15, 2016, seven days after the statute of limitations expired. After the Commissioner served its motion to dismiss, Hans did not file any opposition to the Commissioner's motion to dismiss. The Court granted Hans additional time to do so, and that order was mailed to Hans's address listed on the docket. (*See* 05/16/2016 Order; 05/17/2016 Min. Entry.) After Hans failed to respond, the Court again granted him additional time to file an opposition. This order too was mailed to Han's address, but Hans still did not file any opposition. (06/27/2016 Min. Entry.)

## STANDARD OF REVIEW

On a motion to dismiss, the Court must "accept all factual allegations [in the complaint] as true, and draw all reasonable inferences in the plaintiff's favor." *Ofori-Tenkorang v. Am. Int'l*

2

*Grp., Inc.*, 460 F.3d 296, 298 (2d Cir. 2006). A statute of limitations defense "may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). The Court may grant a motion to dismiss based on statute of limitations grounds only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir. 1989) (citation omitted).

It is axiomatic that a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted). The Court must construe a *pro se* complaint with "special solicitude," and interpret it to raise the strongest arguments it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). Even so, "a *pro se* complaint must state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

When a motion to dismiss is unopposed, as it is here, "the failure to oppose does not, by itself, justify dismissal." *Simon v. N.Y.C. Dep't of Corr.*, No. 12-CV-8624 (JMF), 2013 WL 4792840, at *2 (S.D.N.Y. Aug. 29, 2013). "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Id.* (quoting *Goldberg v. Danaher*, 599 F.3d 181, 184 (2d Cir. 2010)). Accordingly, the Court assumes the truth of the factual allegations in the pleading and tests "only its legal sufficiency." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).

## DISCUSSION

### I. Statute of Limitations

42 U.S.C. § 405(g) provides the 60-day statutory deadline that Social Security applicants must meet to timely file a civil action in a district court. The statute states, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The 60-day time limit is not jurisdictional, but, because it "is a condition on the waiver of the [United States'] sovereign immunity," it is strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 478–79 (1986).

The 60-day period begins to run from the receipt of the Appeals Council's notice of decision, which is presumed to be five days after the date of the notice, unless "there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). A plaintiff can rebut this presumption by "present[ing] some affirmative evidence indicating that the actual receipt occurred more than five days after the issuance." *Liranzo v. Astrue*, No. 07-CV-5074 (CBA), 2010 WL 626791, at *2 (E.D.N.Y. Feb. 23, 2010) (internal quotation marks omitted).

Courts in this Circuit have found claims time-barred even when the complaint was filed as little as one day late. *See, e.g., Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (one day late); *Smith v. Comm'r of Soc. Sec.*, No. 08-CV-1547 (NGG), 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (four days late); *Pressley v. Astrue*, No. 12-CV-8461 (NSR) (PED), 2013 WL 3974094, at *5 (S.D.N.Y. Aug. 2, 2013) (five days late). Here, Hans filed his complaint seven days after the statute of limitations expired. Accordingly, his complaint is untimely.

## II. Equitable Tolling

Though the 60-day filing requirement is strictly construed, the statute containing the limitations period is "unusually protective of claimants," and therefore, equitable tolling is sometimes appropriate. *Bowen*, 476 U.S. at 478 (internal quotations marks omitted); *New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990) (noting that, in light of the protective nature of the statute, equitable tolling "is not infrequently appropriate").

To equitably toll the statute of limitations, the plaintiff must prove that he "has been pursuing his rights diligently," and that "some extraordinary circumstance stood in his way" of timely filing. *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (internal quotation marks omitted). Crucially, the plaintiff must also show a "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). In other words, extraordinary circumstances alone are not sufficient to justify equitable tolling; the plaintiff must also show that those circumstances precluded him from filing on time. Because Hans has not appeared in the case since filing his complaint, the Court cannot establish a basis for equitable tolling.

## III. Leave to File Supplemental Letter

In light of Hans's *pro se* status, Hans is afforded 30 days' leave to explain whether there is a basis to equitably toll the statute of limitations. In the event Hans does not file such a letter, the Court will grant the Commissioner's motion and judgment shall issue.

5

## CONCLUSION

For the reasons stated above, the Court finds that Hans's complaint is untimely. In an abundance of caution, the Court grants Hans 30 days' leave to file a letter with the Court, explaining why the Court should equitably toll the statute of limitations.

The Clerk of Court is directed to mail a copy of this Order to *pro se* plaintiff Guy Hans and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
Feb 28 2018

s/ RRM

_____
ROSLYNN R. MAUSKOPF
United States District Judge

6